```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**CARLOS J. JOHNSON,**

                     Plaintiff,

                                                        CIVIL ACTION
      vs.                                           No. 02-3403-GTV

**WESLEY MEDICAL CENTER, et al.,**

                     Defendants.

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983, seeking damages for defendants' alleged interruption of necessary medical care for plaintiff's finger injury, resulting in permanent injury to plaintiff's finger. Plaintiff originally named the Wesley Medical Center and the Wichita Police Department as the sole defendants.

The court directed plaintiff to amend the complaint to avoid dismissal of the lawsuit, based on no showing that Wesley Medical Center operated under color of state law when they provided emergency care for plaintiff's injured finger, and based on the Wichita Police Department not being a proper defendant.

In response plaintiff filed an amendment (Doc. 10) to his complaint naming the same two defendants, and naming unidentified doctors and officers who allegedly conspired to interfere with necessary medical care to plaintiff. The court granted plaintiff's later filed motion to dismiss Wesley Medical Center

and the Wichita Police Department as defendants, and to file a second and supplemented amended complaint that names specific doctors and police officers as defendants.

Having reviewed plaintiff's second amended and supplemented complaint, the court finds this action should be dismissed.

Plaintiff essentially claims police officers interrupted and prevented necessary medical treatment being administered March 10, 1998, to plaintiff's finger injury. He further claims he was not returned to the hospital the next morning to complete medical treatment, and complains that medical staff failed to prevent this interruption and denial of recommended medical treatment. Plaintiff acknowledges his finger was operated on the afternoon of March 11, 1998, but argues his finger is now permanently bent as a result of the delay in medical treatment.

"To state a claim under [42 U.S.C.] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff's allegations fail to state any such claim.

Plaintiff's broad argument that hospital staff conspired with law enforcement officials, and thus were acting under color of state law, is conclusory at best and wholly insufficient to consider these defendants as state actors. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a

claim on which relief can be based").

Next, plaintiff's allegations of being denied necessary medical care are undermined by the medical release of plaintiff for return to the hospital for further treatment the next day. The fact that defendants returned plaintiff to the hospital in the afternoon rather than the morning is insufficient to demonstrate that any defendant disregarded an excessive risk to plaintiff's health or safety by that short delay in continued treatment.  See e.g., Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(there is deliberate indifference of constitutional significance if a defendant "knows of and disregards an excessive risk to inmate health or safety").

The court also finds the complaint, filed in November 2002, is time barred.  Plaintiff contends the two year statute of limitations is tolled because his incarceration constitutes a legal disability for the purpose of filing a lawsuit.  The court finds no merit to his contention.  Kansas statutes provide that if a person is "imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action."  K.S.A. 60-515. However, that statute was amended in 1981 to further state: "Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an

action, such person shall not be deemed to be under legal disability." Id. In this case, plaintiff makes no showing that his ability to seek relief in the courts in a timely fashion was impaired by his confinement.

Accordingly, for the reasons stated herein, the court dismisses the complaint as stating no claim for relief.[1] See 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint as amended and supplemented is dismissed as stating no claim for relief, and that all relief requested by plaintiff is denied.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 25th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

[1] Plaintiff is advised that dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."